UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEO CONTRERA,

                Petitioner,	**ORDER**

                -against-	14-CV-3343 (WFK)

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

**WILLIAM F. KUNTZ, II**, United States District Judge

Petitioner Leo Contrera, proceeding *pro se*, files the instant petition pursuant to 28 U.S.C. § 2255. Contrera seeks to vacate his judgment of conviction entered under docket number 94-CR-729. In support of his argument, petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), wherein the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155 (citation omitted).

Petitioner's argument is unavailing. The Court notes that the holding in *Alleyne* is not retroactively applicable on collateral review. *See United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013); *Moreno v. United States*, Nos. 94-CR-0165-04, 13-CV-8069, 94-CR-0165-03, 13-CV-8705, 2014 WL 2038419, at *3 (S.D.N.Y. May 15, 2014) (Abrams, J.).

Moreover, this is the third § 2255 that petitioner has filed. *See* 99-CV-5912 (CPS) (denied by order dated September 27, 2001; the Court of Appeals for the Second Circuit by mandate dated July 17, 2002, dismissed the appeal); *see also* 06-CV-330 (by order dated July 6, 2006, the § 2255 petition was transferred to the Court of Appeals for the Second Circuit as a second or successive petition; the Second Circuit denied the petition by mandate certified on April 16, 2008).

Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h).

Because this is petitioner's third attempt in this Court to vacate the same conviction, this Court lacks jurisdiction to address it on the merits, and is required to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010); *see also Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) (district court has no power to entertain a second or successive § 2255 motion unless the appropriate Court of Appeals has authorized the filing of that motion); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

## Conclusion

Accordingly, in the interests of justice, the Clerk of Court shall transfer the instant application to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this proceeding under this docket number. The Clerk of Court shall close this case.

SO ORDERED.

s/William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: June 17, 2014
Brooklyn, New York